UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHADWICK FABIAN VILLAMOR,

    Plaintiff,

v.

OFFICER J. METCALFE, et al.,

    Defendants.

Case No. 2:24-cv-00940-APG-NJK

**ORDER**

The Court has now received Plaintiff's initial partial filing fee, Docket No. 8, so it screens his complaint herein as required by 28 U.S.C. § 1915.[1]

**I.    STANDARDS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

---

[1] Plaintiff alleges three claims that each involve different issues, so the Court screens them separately. This order relates only to Plaintiff's claim for excessive force.

1

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

## II. ANALYSIS

Plaintiff brings a claim for excessive force arising out of his arrest on the night of February 21, 2024. *See* Docket No. 1 at 4.

A plaintiff states a claim under 42 U.S.C. § 1983 by alleging that a right secured by the United States Constitution or statutory law has been violated, and that the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Allegations that law enforcement officers used excessive force in arresting a plaintiff may establish a violation of the Fourth Amendment. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1090 (9th Cir. 2013). Whether force used is constitutionally excessive turns on the objective reasonableness of the force used. *Id.*

The complaint alleges that Plaintiff was involved in a police chase based on a report of assault and battery with a gun. *See* Docket No. 1 at 4, 5. Plaintiff alleges that he lost control of his car and crashed, at which point he complied with the command to exit his vehicle. *See id.* at 4. Plaintiff alleges that he had calmed down and had gone to take a seat on the curb when he was shot in the back three times with "low lethal ammunition" by Officer Metcalfe and tazed by Officer Ketring. *See id.* Taking these allegations as true for screening purposes and liberally construing the complaint, the Court finds that Plaintiff has stated a colorable claim for excessive force.[2]

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint (Docket No. 1) on the docket.

---

[2] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss.

2. The Clerk's Office shall issue summons to Defendants Officer J. Metcalfe P#19186 and Officer D. Ketring P#16175, and deliver the same to the U.S. Marshal for service. The Clerk's Office shall also deliver a copy of the complaint to the U.S. Marshal for service.

3. The Clerk's Office shall send Plaintiff two blank copies of the required Form USM-285.

4. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

6. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: November 21, 2024

_____
Nancy J. Koppe
United States Magistrate Judge