UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHADWICK FABIAN VILLAMOR,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER J. METCALFE, et al.,<br><br>    Defendants. | Case No. 2:24-cv-00940-APG-NJK<br><br>**ORDER** |

The Court has now received Plaintiff's initial partial filing fee, Docket No. 8, so it screens his complaint herein as required by 28 U.S.C. § 1915.[1]

**I.    STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do

---

[1] Plaintiff alleges three claims that each involve different issues, so the Court screens them separately. This order relates only to Plaintiff's claim for unlawful search and seizure.

not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.   ANALYSIS

Plaintiff brings a claim against Defendant police officers Bookman, Manzanedo, Campos, and Gillum for allegedly engaging in an unlawful vehicle search without probable cause. Docket No. 1 at 5.[2]

Police may conduct a warrantless search of a vehicle if there is probable cause to believe that it contains contraband or evidence of a crime. *United States v. Ewing*, 638 F.3d 1226, 1231 (9th Cir. 2011). "Probable cause exists when, under the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Luong,* 470 F.3d 898, 902 (9th Cir.2006) (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)).[3] Probable cause determinations may be based in part on reasonable inferences. *United States v. Gourde,* 440 F.3d 1065, 1071 (9th Cir.2006) (en banc).

---

[2] The caption of the complaint does not identify all of these defendants, *see* Docket No. 1 at 2, but they are all identified within the body of the complaint, *see id.* at 5. Construing Plaintiff's complaint liberally, the Court assumes the claim is meant to be brought against all of these defendants. *See, e.g.*, *Roberts v. Las Vegas Metro. Police Dept.*, 2018 WL 4635686, at *2 (D. Nev. Sept. 27, 2018) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) and *Yeseta v. Baima*, 837 F.2d 380, 382-83 (9th Cir. 1988)).

[3] To the extent this claim also challenges the basis for Plaintiff's arrest, in addition to the vehicle search, the analysis is effectively the same. "Police have probable cause to arrest where 'the facts and circumstances within their knowledge and of which they (have) reasonably trustworthy information (are) sufficient to warrant a prudent [person] in believing that the (suspect) had committed or was committing an offense.'" *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

According to Plaintiff's complaint, which the Court takes as true for screening purposes, the police were investigating an assault and battery with a gun. Docket No. 1 at 5. The police identified the suspect's vehicle as a blue Ford Mustang. *Id.* The police received a tip that the suspect was located at a specific location: 4350 Paradise Road, Building 2. *Id.* Upon arriving at that address, the police located Plaintiff in a blue Ford Mustang. *See id.* When the police attempted to contact Plaintiff, he attempted to flee by beginning a vehicular pursuit. *Id.* After Plaintiff crashed the car, the police searched the vehicle he was driving even though he did not actually own that vehicle. *See id.* The police did not obtain a search warrant for that search. *Id.* Plaintiff was arrested and charged. *Id.*[4]

The facts alleged by Plaintiff do not state a Fourth Amendment claim. Again, the scenario alleged is that (1) the police were alerted to the commission of a crime; (2) the police knew the color, make, and model of the perpetrator's car; (3) the police received a tip that the perpetrator was at a particular location; (4) the police found Plaintiff at that location in that color, make, and model of a car; and (5) and Plaintiff then attempted to flee once the police tried to engage him. All of these circumstances are indicia that there <u>was</u> probable cause. The complaint attempts to avoid that outcome with bare allegations that the defendants acted "with no reasonable probable cause" because the exact license plate of the suspect's car was unknown and the tip received was from "an unknown source." *See* Docket No. 1 at 5. The Court need not assume the truth of legal conclusions and the facts alleged are insufficient to plausibly infer a lack of probable cause.

Although it appears unlikely that Plaintiff can state a search-and-seizure claim in this case, the Court will afford him another opportunity to do so if he so chooses.

## III.   CONCLUSION

Accordingly, Defendant police officers Bookman, Manzanedo, Campos, and Gillum are **DISMISSED** from the case with leave to amend. Plaintiff will have until December 20, 2024, to

---

[4] According to state court records, Plaintiff recently pled guilty and has been sentenced. *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of state court records). Hence, this search-and-seizure claim may be barred, but the Court leaves that issue for another day. *See, e.g.*, *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006 (9th Cir. 2022) (en banc) ("When the conviction is based on a guilty plea, we look at the record to see which acts formed the basis for the plea").

file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. Failure to file an amended complaint will result in the recommended dismissal of Defendant police officers Bookman, Manzanedo, Campos, and Gillum without further opportunity to amend and the case will instead proceed only with respect to the excessive force claim against Defendant police officers Metcalfe and Ketring.

IT IS SO ORDERED.

Dated: November 21, 2024.

Nancy J. Koppe
United States Magistrate Judge