UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHADWICK FABIAN VILLAMOR,<br><br>　　　Plaintiff,<br><br>v.<br><br>OFFICER J. METCALFE, et al.,<br><br>　　　Defendants. | Case No. 2:24-cv-00940-APG-NJK<br><br>**REPORT AND RECOMMENDATION** |

The Court has now received Plaintiff's initial partial filing fee, Docket No. 8, so it screens his complaint herein as required by 28 U.S.C. § 1915.[1]

**I.　STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Under Rule 20 of the Federal Rules of Civil Procedure, multiple defendants may be joined in a single suit if (1) the claims against each defendant arise out of the same transaction or occurrence, <u>and</u> (2) any question of fact or law is common to all parties. Fed. R. Civ. P. 20(a). Courts have broad discretion in applying Rule 20. *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1262 (C.D. Cal. 2014). A finding by the Court that joinder is not proper is not grounds to dismiss a case in its entirety, but the Court may exercise its discretion to "add or drop" parties.

---

[1] Plaintiff alleges three claims that each involve different issues, so the Court screens them separately. This report and recommendation relates only to Plaintiff's claim against his prior counsel for breach of contract.

*See* Fed. R. Civ. P. 21.  "Where parties have been inappropriately joined, it is accepted practice under Rule 21 to dismiss all defendants except for the first named in the complaint; this operates as a dismissal of plaintiffs' claims against other defendants without prejudice."  *Armstead*, 66 F. Supp. 3d at 1263.  The Court may exercise its discretion under Rule 21 *sua sponte* at any time.  *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party"); *see also, e.g.*, *Doop v. Wolfson*, 2022 WL 16949713, at *2 (D. Nev. Nov. 15, 2022) (addressing improper joinder at screening stage).

## II.   ANALYSIS

Plaintiff brings three claims in his complaint.  The first two relate to the circumstances of his arrest and corresponding vehicle search.  *See* Docket No. 1 at 4-5.  The third claim, which is at issue in this report and recommendation, alleges that Plaintiff's prior criminal defense attorney (Adam Solinger) breached his contract by withdrawing without performing agreed-upon services.  *Id.* at 6.[2]  In particular, Plaintiff argues that defense counsel had been paid a flat fee for services but then withdrew before performing those services.  *See id.*  Plaintiff also argues that defense counsel has refused to refund the money paid.  *See id.*  These allegations against defense counsel are untethered to the other two claims in the case.  Most obviously for Rule 20 purposes, there is no question of fact or law that is common to all parties.  Whether excessive force was used during Plaintiff's arrest and whether there was an unlawful vehicle search have no question of fact or law in common with Plaintiff's claim that his attorney withdrew prior to fulfilling his contractual

---

[2] The complaint at times references breach of contract and at other times appears to seek to bring a constitutional claim against prior counsel for providing ineffective assistance.  *See* Docket No. 1 at 6.  The latter allegations would fail as a matter of law.  First, retained attorneys are not state actors and Plaintiff has alleged no basis to state a constitutional claim against Attorney Solinger.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Briley v. State of Cal.*, 564 F.2d 849, 856 (9th Cir. 1977) (collecting cases that privately retained attorneys are not acting under color of state law).  Second, Plaintiff pled guilty in his criminal case.  *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of state court records).  Allegations that Plaintiff was provided ineffective assistance during his criminal proceedings would imply the invalidity of his conviction, so Plaintiff cannot bring such a claim under 28 U.S.C. § 1983.  *See, e.g.*, *Nuno v. Cnty. of San Bernadino*, 58 F. Supp. 2d 1127, 1132 (C.D. Cal. 1999) (quoting *Hanley v. Stewart*, 21 F. Supp. 2d 1088, 1089-90 (D. Ariz. 1998)).  Hence, this report and recommendation addresses only the aspect of this claim alleging breach of contract.

duties. As such, the breach of contract claim against prior defense counsel is not properly brought within this case.

### III.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Defendant Adam Solinger be **DISMISSED** from this case without prejudice.[3]

Dated: November 21, 2024.

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[3] If Plaintiff decides to refile the case against prior defense counsel, he should carefully consider whether that case should be filed in state court given that it appears subject matter jurisdiction may be lacking for the case to be brought in federal court.