# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHADWICK FABIAN VILLAMOR,

    Plaintiff(s),

v.

OFFICER J. METCALFE, et al.,

    Defendant(s).

Case No. 2:24-cv-00940-APG-NJK

**REPORT AND RECOMMENDATION**

On November 21, 2024, the Court screened Plaintiff's complaint and determined that it failed to state a claim against Defendant police officers Bookman, Manzanedo, Campos, and Gillum for allegedly engaging in an unlawful vehicle search without probable cause. Docket No. 15. The Court addressed the allegations in the complaint and explained as follows:

> According to Plaintiff's complaint, which the Court takes as true for screening purposes, the police were investigating an assault and battery with a gun. Docket No. 1 at 5. The police identified the suspect's vehicle as a blue Ford Mustang. *Id.* The police received a tip that the suspect was located at a specific location: 4350 Paradise Road, Building 2. *Id.* Upon arriving at that address, the police located Plaintiff in a blue Ford Mustang. *See id.* When the police attempted to contact Plaintiff, he attempted to flee by beginning a vehicular pursuit. *Id.* After Plaintiff crashed the car, the police searched the vehicle he was driving even though he did not actually own that vehicle. *See id.* The police did not obtain a search warrant for that search. *Id.* Plaintiff was arrested and charged. *Id.*
>
> The facts alleged by Plaintiff do not state a Fourth Amendment claim. Again, the scenario alleged is that (1) the police were alerted to the commission of a crime; (2) the police knew the color, make, and model of the perpetrator's car; (3) the police received a tip that the perpetrator was at a particular location; (4) the police found Plaintiff at that location in that color, make, and model of a car; and (5) [] Plaintiff then attempted to flee once the police tried to engage with him. All of these circumstances are indicia that there <u>was</u> probable cause. The complaint attempts to avoid that outcome with bare allegations that the defendants acted "with no reasonable probable cause" because the exact license plate of the

1

> suspect's car was unknown and the tip received was from "an unknown source." *See* Docket No. 1 at 5. The Court need not assume the truth of legal conclusions and the facts alleged are insufficient to plausibly infer a lack of probable cause.

Docket No. 15 at 3 (footnote omitted).

Plaintiff was afforded leave to amend and has now filed an amended complaint. Docket No. 20. With respect to the search-and-seizure claim, the Court screens the amended complaint pursuant to 28 U.S.C. § 1915.[1]

## I. STANDARDS

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

---

[1] The Court has already found that Plaintiff stated a claim for screening purposes for alleged excessive force. Docket No. 14. The Court will not rescreen that claim herein.

2

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    ANALYSIS

The amended complaint brings a claim against Defendant police officers Bookman, Manzanedo, Campos, and Gillum for allegedly engaging in an unlawful vehicle search without probable cause. Docket No. 20 at 4.[2]

Police may conduct a warrantless search of a vehicle if there is probable cause to believe that it contains contraband or evidence of a crime. *United States v. Ewing*, 638 F.3d 1226, 1231 (9th Cir. 2011). "Probable cause exists when, under the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Luong,* 470 F.3d 898, 902 (9th Cir.2006) (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)).[3] Probable cause determinations may be based in part on reasonable inferences. *United States v. Gourde,* 440 F.3d 1065, 1071 (9th Cir.2006) (en banc).

The amended complaint does not meaningfully change the factual allegations from the initial complaint. According to the amended complaint, which the Court takes as true for screening purposes, the police were investigating an assault and battery with a gun. Docket No. 20 at 4. The police identified the suspect's vehicle as a blue Ford Mustang. *Id.*  The police received a tip that the suspect was located at a specific location: 4350 Paradise Road, Building 2. *Id.* Upon arriving

---

[2] The caption of the amended complaint does not identify all of these defendants, *see* Docket No. 20 at 1, but they are all identified within the body of the amended complaint, *see id.* at 4. Construing Plaintiff's amended complaint liberally, the Court assumes the claim is meant to be brought against all of these defendants. *See, e.g.*, *Roberts v. Las Vegas Metro. Police Dept.*, 2018 WL 4635686, at *2 (D. Nev. Sept. 27, 2018) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) and *Yeseta v. Baima*, 837 F.2d 380, 382-83 (9th Cir. 1988)).

[3] To the extent this claim also challenges the basis for Plaintiff's arrest, in addition to the vehicle search, the analysis is effectively the same. "Police have probable cause to arrest where 'the facts and circumstances within their knowledge and of which they (have) reasonably trustworthy information (are) sufficient to warrant a prudent [person] in believing that the (suspect) had committed or was committing an offense.'" *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

at that address, the police located Plaintiff in a blue Ford Mustang. *See id.* When the police attempted to contact Plaintiff, he attempted to flee by beginning a vehicular pursuit. *Id.* After Plaintiff crashed the car, the police searched the vehicle he was driving even though he did not actually own that vehicle. *See id.* The police did not obtain a warrant for that search. *Id.* Plaintiff was arrested and charged. *Id.*

In short, the scenario alleged in the amended complaint (as was the case in the initial complaint) is that (1) the police were alerted to the commission of a crime; (2) the police knew the color, make, and model of the perpetrator's car; (3) the police received a tip that the perpetrator was at a particular location; (4) the police found Plaintiff at that location in that color, make, and model of a car; and (5) Plaintiff then attempted to flee once the police tried to engage with him. All of these circumstances are indicia that there <u>was</u> probable cause. The complaint attempts to avoid that outcome with bare allegations that the defendants acted "with no reasonable probable cause" because the exact license plate of the suspect's car was unknown and the anonymous tip received "did not provide the level of reliability that would allow police to search the vehicle without a search warrant." Docket No. 1 at 5. The Court need not assume the truth of legal conclusions and the facts alleged are insufficient to infer plausibly a lack of probable cause.

As such, Plaintiff's amended complaint does not state a search-and-seizure claim against these defendants. Moreover, particularly as the Court has already given Plaintiff leave to amend and the amended complaint failed to correct the deficiencies identified, providing further leave to amend would be futile. *Cf. City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

## III.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Defendant police officers Bookman, Manzanedo, Campos, and Gillum be **DISMISSED** from this case without prejudice.

Dated: December 31, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).