UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHADWICK FABIAN VILLAMOR,<br>    Plaintiff(s),<br>v.<br>OFFICER J. METCALFE, et al.,<br>    Defendant(s). | Case No. 2:24-cv-00940-APG-NJK<br>**ORDER**<br>[Docket No. 26] |

On November 21, 2024, the Court screened Plaintiff's complaint and found that a colorable excessive force claim was stated as to Defendants Metcalfe and Ketring. Docket No. 12. The Court ordered that service had to be completed within 90 days. *See id.* at 3. The Court also, *inter alia*, instructed the Clerk's Office to send Plaintiff two blank copies of the required Form USM-285 and ordered Plaintiff to furnish those forms to the U.S. Marshal to effectuate service. Docket No. 12. On January 7, 2025, the summonses were returned unexecuted on the basis that the U.S. Marshal had not received the USM-285 forms. Docket Nos. 22-23. On February 27, 2025, the Court issued a notice of intent to dismiss for lack of service. Docket No. 25. On March 13, 2025, Plaintiff filed a motion seeking relief on the ground that the Clerk's Office had not sent him the two copies of the Form USM-285. Docket No. 26. That motion is the matter currently before the Court.

As a starting point, Plaintiff's contention that he was never sent the proper forms is contradicted by the docket. *See* Docket No. 12 (docket text that "Copies have been distributed pursuant to the NEF cc Copies of USM 285 sent to Plaintiff"). Such docketing entries are given significant weight against challenges that documents were not received by a litigant. *Cf. American Boat Co. v. Unknown Sunken Barge*, 567 F.3d 348, 352-53 (8th Cir. 2009). In addition, it is unclear why Plaintiff would wait four months to raise this issue of non-receipt with the Court if in fact he

1

did not receive these forms. Hence, Plaintiff's bald contention of non-receipt is not particularly persuasive.

Notwithstanding the above, given Plaintiff's *pro se* status and in an effort to try to have the case decided on its merits, the Court will allow one additional opportunity for Plaintiff to effectuate service in accordance with the applicable procedures. Accordingly, Plaintiff's motion to show good cause (Docket No. 26) is **GRANTED** as follows:

1. The Clerk's Office is instructed to re-issue summons to Defendants Officer J. Metcalfe P#19186 and Officer D. Ketring P#16175, and deliver the same to the U.S. Marshal for service. The Clerk's Office must also deliver a copy of the first amended complaint (Docket No. 20) to the U.S. Marshal for service.

2. The Clerk's Office must send Plaintiff two blank copies of the required Form USM-285.

3. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

4. Service must be completed by May 15, 2025. **Failure to effectuate service by that date may result in dismissal of this action**.

IT IS SO ORDERED.

Dated: March 25, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

2